UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMEN JEAN-BAPTISTE,  )<br>    Plaintiff,   )<br>           )<br>  v.         )<br>           )<br>DISTRICT OF COLUMBIA,   )<br>    Defendant.   )<br>_____ ) | Civil Action No. 11-1587 (RCL)<br><br>*Let this be filed.*<br>*Royce C. Lamberth*<br>*U.S.D.J. 8/9/12* |

## JURY INSTRUCTIONS

The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you

should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

Remember that you are not advocates in this matter. You are neutral judges of the facts. The final test of the quality of your service will lie in the verdict that you return to this courtroom. You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case. Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

The law permits me to comment to you about the evidence in this case. My comments are only my opinions about the facts, and you are not bound by my opinions. If, during the course of this trial, or the giving of these instructions, I have made or make any comment on any evidence, you are free to disregard the comment. Remember, you are the sole and exclusive judges of all questions of fact in this case.

During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts. You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. It is the duty of a lawyer to make objections if the lawyer believes something improper is being done. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Similarly, when I told you to disregard a particular answer--when I ordered it stricken--you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations. Those interruptions concerned legal matters, while your job is to decide the facts. You should not be influenced by the any lawyer's objections, no matter how I ruled upon them.

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. A government agency, whether large or small, has the same right to a fair trial as a private individual. All persons, including government agencies, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a plaintiff or defendant is a government agency must not affect your decision.

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been. If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

In this case, the defendant has asserted affirmative defenses that it must prove by a preponderance of the evidence. When I discuss each of these defenses and counterclaims, I will instruct you on the defendant's burden of proof.

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party whether that party produced it or the party's adversary produced it.

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

Federal regulations require that whenever a person files a charge of discrimination under Title VII, the employer shall preserve all personnel records relevant to the charge or action until final disposition of the charge or action. The term "personnel records relevant to the charge" would include, for example, personnel or employment records relating to the aggrieved person and to all other employees holding positions similar to that person and application forms or test papers relevant to that person's employment. If the defendant destroys personnel records covered by this regulation, you should presume that any such documents would have been beneficial to the plaintiff and adverse to the defendant.

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he gave in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury or at a deposition, then you may also treat that prior statement as evidence in this case-- that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury or was not at a deposition when he made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

Plaintiff has alleged that she was subjected to a sexually hostile work environment (sexual harassment) in violation of federal and D.C. law.

In order to establish the existence of a hostile work environment, the plaintiff must establish the following:
   (1) That she is a member of a protected class,
   (2) That she has been subjected to unwelcome harassment,
   (3) That the harassment was based on her sex, and
   (4) That the harassment is severe or pervasive enough to affect a tern, condition, or privilege of employment.

In order to prevail on this claim, the plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the plaintiff was subjected to a hostile or abusive work environment, as hereafter defined, because of her sex;

Second: That such hostile or abusive work environment was created and/or permitted by a supervisor with immediate or successively higher authority over the plaintiff; and

6

Third: That the plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

A work environment is hostile or abusive because of sexual harassment only if (1) the plaintiff was subjected to sexually offensive acts or statements; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the plaintiff's own acts or statements; (3) such acts or statements of intimidation, ridicule, or insult were sufficiently severe or frequent that they materially altered the conditions of the plaintiffs employment; (4) a reasonable person would have found the workplace to be hostile or abusive; and (5) the plaintiff personally believed the workplace environment to be hostile or abusive.

No single factor is required in determining whether a workplace environment is "hostile" or "abusive." All the circumstances should be reviewed, including, for example, the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; what was the effect on the plaintiff's mental and emotional well-being and whether it unreasonably interfered with the employee's work performance.

Conduct that only amounts to ordinary socializing in the workplace usually does not constitute an abusive or hostile environment. When all of the circumstances are reviewed, if the conduct created a material change in the terms and conditions of employment it is a hostile environment.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the plaintiff, the defendant employer is responsible under the law for such behavior and the resulting work environment.

If you find that the plaintiff has proved each of the things she must prove in support of her claim, you will then consider the defendant's affirmative defense to that claim.

In order to prevail on the affirmative defense, the defendant must prove each of the following facts by a preponderance of the evidence:

First: That the defendant exercised reasonable care to prevent and correct promptly, any sexually harassing behavior in the workplace; and

Second: That the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the defendant to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

If you find that the plaintiff has proved her claim and that the defendant has not proved its affirmative defense, you must then determine the amount of damages the plaintiff has sustained.

In considering the issue of the plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the defendant. Also, compensatory damages must not be based on speculation or guesswork.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible or intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

The plaintiff claims that the defendant retaliated against her for her complaints about sexual harassment. To establish this claim, the plaintiff must prove all of the following:

1. That the plaintiff complained about sexual harassment or opposed sexual harassment, unlawful under D.C. and federal law;

2. That the defendant discharged the plaintiff, subjected her to an additional swimming assessment, and/or refused to rehire the plaintiff;

3. That the plaintiff's complaints about sexual harassment were a motivating reason for the defendant's decision to discharge her, subject her to the swimming assessment, and/or refuse to rehire her.

4. The plaintiff may prove retaliation by direct or circumstantial evidence. Therefore, you may consider the nature of the acts themselves, the timing of the action, that is, how close it was in time to the exercise of protected rights and the claimed retaliation, and you may consider the reasons given for taking the action.

In other words, plaintiff has also brought her claim under Title VII of the Civil Rights Act of 1964 and the D.C. Human Rights Act ("DCHRA"), which both prohibit employers, like defendant, from taking retaliatory personnel actions against employees who have previously engaged in activity protected by Title VII and the DCHRA, such as pursuing a complaint of employment discrimination. It is, therefore, unlawful for a defendant to fire a person because that person has complained of discrimination or sexual harassment. Complaints to supervisors are considered protected activity under the law. Therefore, you have to decide whether plaintiff engaged in protected activity by complaining to her supervisor(s) that she was being sexually harassed. You then have to decide whether plaintiff was terminated and denied subsequent employment as a result of that protected activity.

It is up to you to decide whether plaintiff has proved her claim of retaliation by a preponderance of the evidence. It is plaintiff's burden to show that it is more likely so than not that she engaged in protected activity and that her engaging in protected activity was a motivating factor in the decision of the defendant to terminate her. If you find that she has met that burden and that it is more likely so than not that she complained of sexual harassment and that her pursuing such a complaint was a substantial or motivating factor in the decision of the defendant to not continue to employ her, then your verdict should be for the plaintiff. If, on the other hand, you find that it is more likely so than not that the explanation given by the defendant for her termination and/or refusal to rehire her was not a motivating factor in the decision it made, then your verdict should be for the defendant. It is not necessary for the plaintiff to prove that the plaintiff's complaints of discrimination were the sole or exclusive reasons for the defendant's decision. It is sufficient if the plaintiff proves that the complaints of discrimination were determinative considerations that made a difference in the defendant's decision.

An adverse action may be causally related to plaintiff's protective activities if someone who knows about the protected activities influences a decisionmaker against the plaintiff, and because of the influence the decisionmaker takes an adverse action against the plaintiff without conducting an independent investigation. The person who influences the decisionmaker must be motivated by an intent to retaliate against the plaintiff, but the decisionmaker does not need to have a retaliatory motive and does not need to know about the retaliatory motive on the part of the person who holds the influence. Alternatively, if you do not believe the given explanation was the real or full reason for the defendant's decision to terminate Ms. Jean-Baptiste's employment and/or refuse to rehire her, you may find that plaintiff has proven her claim of retaliation, particularly if you believe that the District of Columbia witnesses who testified did not put forth honestly the reason for their decision to discontinue her employment and refuse to rehire her. If you have determined that plaintiff has proven by a preponderance of the evidence that retaliation was a substantial or motivating factor in the defendant's decision, then you must also determine whether the defendant has proven by a preponderance of the evidence that it would have terminated her and/or refused to rehire her even in the absence of retaliation. You must determine whether the defendant has shown that it is more likely so than not so that it would have made the same decision even if you find it more likely so than not so that retaliation was a substantial factor in the decision it made to terminate Ms. Jean-Baptiste and/or rehire her.

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages to plaintiff if you feel she is entitled to your verdict. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of plaintiff on her claim against the District. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Ms. Jean-Baptiste on her claim that the defendant retaliated because she had complained of sexual harassment, then you must determine whether she is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that the plaintiff proved were caused by the defendant's allegedly wrongful conduct in terminating her employment. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if

you find that they were caused by the District's retaliation. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by the plaintiff in this case. Likewise, you may not consider the cost to plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the Court, if necessary, and may not be included in your damages award.

Plaintiff also has brought a claim under the District of Columbia Whistleblower Protection Act ("WPA"). This law protects current and former employees of the District of Columbia Government who report waste, fraud, abuse of authority, violations of law, or threats of public health or safety without fear of retaliation or reprisal.

To prevail on her whistleblower claim, plaintiff must prove, by a preponderance of the evidence, that:

1. Plaintiff made a protected disclosure,

2. A supervisor took or threatened to take a prohibited personnel action against plaintiff, and

3. Plaintiff's protected disclosure was a contributing factor in the prohibited personnel action.

A supervisor shall not threaten to take a prohibited personnel action or otherwise retaliate against an employee because of the employee's protected disclosure or because of an employee's refusal to comply with an illegal order.

Under the WPA, a "protected disclosure" is defined as any disclosure of information, not specifically prohibited by statute, by an employee to a supervisor or a public body that the employee reasonably believes evidences a violation of a federal, state, or local law, rule, or regulation.

The law protects a disclosure without restriction to time, place, form, motive, context, forum, or prior disclosure made to any person by an employee or applicant for employment.

An employee's communication does not have to be an original disclosure to qualify for protection under the WPA.

A disclosure may be protected even if it is made in the ordinary course of an employee's duties.

"Prohibited personnel action" includes, but is not limited to: recommended, threatened, or actual termination, demotion, suspension, or reprimand; involuntary transfer, reassignment, or detail; referral for psychiatric or psychological counseling; failure to promote or hire or take other favorable personnel action; or retaliating in any other manner against an employee because that employee makes a protected disclosure or refuses to comply with an illegal order.

"Retaliating" includes conducting or causing to be conducted an investigation of an employee or applicant for employment because of a protected disclosure made by the employee or applicant who is a whistleblower.

The definition of "investigation" includes an examination of fitness for duty.

The definition of "investigation" excludes any ministerial or nondiscretionary fact-finding activity necessary to perform the agency's mission.

"Contributing factor" means any factor that, alone or in connection with other factors, tends to affect in any way the outcome of the decision.

Once the employee has demonstrated by a preponderance of the evidence that the protected disclosure was a contributing factor in the alleged prohibited personnel action against her, the burden of proof shall be on defendant to prove by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in protected activity.

If defendant fails to meet this burden, you must find for plaintiff.

The standard of clear and convincing evidence requires a degree of persuasion much higher than mere preponderance of evidence but still somewhat less than beyond a reasonable doubt. Clear and convincing evidence is evidence that should produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established.

If you find for the plaintiff, then you must award the plaintiff a sum of money which will fairly and reasonably compensate her for all the damage which she experienced which was proximately caused by the defendant.

The plaintiff is entitled to damages that the defendant's negligent or wrongful conduct proximately caused. The defendant is liable only for the damages that her conduct caused. If you find that defendant's conduct caused only part of the plaintiff's damages, then the defendant is liable only for that part.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous, but do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisan. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

If it becomes necessary to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will not communicate with any member of the jury on any subject touching the merits of this case other than in writing, or orally here in open court.

You will note that all persons, including the marshals, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of this case.