UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMEN JEAN-BAPTISTE,<br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 11-1587 (RCL)<br>)<br>)<br>) |

**FILED**

AUG 1 0 2012

Clerk, U.S. District and
Bankruptcy Courts

<u>**VERDICT FORM**</u>

**A. TITLE VII and DC HUMAN RIGHTS ACT SEXUAL HARASSMENT CLAIM AGAINST DISTRICT OF COLUMBIA**

A1. Do you find it more likely than not that Rodney Weaver Subjected the plaintiff to unwelcome verbal or physical conduct?

__X__                              _____
YES                                  NO

If you answered NO, then your verdict must be in favor of the defendant. If you answered YES, then:

A2. Do you find the conduct was sufficiently severe or pervasive such that it created a hostile work environment by changing the terms and conditions of plaintiff's employment?

__X__                              _____
YES                                  NO

If you answered NO, then your verdict must be in favor of the defendant. If you answered YES, then:

A3. Do you find that the defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior in the workplace and that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the defendant to avoid or correct the harm, or otherwise failed to exercise reasonable care to avoid harm?

_____                              __X__
YES                                  NO

1

If you answered YES to Question A3, then your verdict on this claim must be in favor of the defendant.

## B. TITLE VII AND DC HUMAN RIGHTS ACT RETALIATION CLAIM AGAINST DISTRICT OF COLUMBIA

B1. Has plaintiff proven by a preponderance of the evidence that plaintiff's complaint(s) was/were a substantial or motivating factor in the District of Columbia deciding not to offer plaintiff permanent employment or deciding to terminate her?

__X__                              _____
YES                                 NO

If you answered NO to Question B1, then your verdict on this claim must be in favor of the defendant.

## C. DC WHISTLEBLOWER'S PROTECTION ACT CLAIM AGAINST DISTRICT OF COLUMBIA

C1. Do you find it more likely than not that the plaintiff engaged in a protected activity?

__X__                              _____
YES                                 NO

If you answered NO, then your verdict must be in favor of the defendant. If you answered YES, then:

C2. Do you find that the defendant took a prohibited personnel action against the plaintiff?

__X__                              _____
YES                                 NO

If you answered NO, then your verdict must be in favor of the defendant. If you answered YES, then:

C3. Do you find that the plaintiff's protected activity was a substantial or motivating factor that prompted the District of Columbia to decide not to offer plaintiff permanent employment or deciding to terminate her?

__X__                              _____
YES                                 NO

If you answered NO to Question C3, then your verdict on this claim must be in favor of the defendant.

**D. DAMAGES**

If your answer to Question A3 is NO, or if your answer to Question B1 is YES, or if your answer to Question C3 is YES, what amount of damages do you award plaintiff?

$ __3.5 million__

__Aug. 10, 2012__
Date                                                                                Jury Foreperson

3

**FILED**

AUG 10 2012

Clerk, U.S. District and
Bankruptcy Courts

Aug. 10, 2012

We, the jury in Carmen Jean-Baptiste, plaintiff, v. District of Columbia, defendant, respectfully recommends the following be included as part of damages awarded in this case:

– The defendant District of Columbia must begin an EEO training program for all DPR managers and make this training available to all new managers, including temporary or summer managers;

– The defendant must rewrite DPR personnel policies to remove ambiguities about the EEO complaint and investigation processes and clarify what steps must be taken in an investigation of an EEO complaint.

– The defendant must initiate a review of the actions, or lack of action, taken by all DPR employees and managers at the Takoma Pool and Aquatic Program from May 2006 through January 2007. The review should be conducted by a person or persons with the power to issue a report to the Mayor of the District of Columbia with recommendations for appropriate action, up to and including dismissal of any current employee who is found to have violated DPR policies.