# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARMEN JEAN-BAPTISTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 11-01587 (RCL) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION TO STRIKE
### DECLARATION OF CECILIA WASHINGTON
### (DOCS. 235-1 AND 235-2)

Comes now Plaintiff, Carmen Jean-Baptiste, and respectfully moves this Honorable Court to strike Defendant's District of Columbia's ("Defendant" or "the District") Declaration of Cecilia Washington (Docs. 235-1 and 235-2). As grounds for this Motion, Plaintiff states as follows:

1. In support of its Opposition (Doc. 235) ("Opposition") to Plaintiff's Emergency Motion to Clarify the Scope of the Order of Reinstatement and Order that Plaintiff Be Placed At One of the Two Aquatic Centers Where She Worked Prior to Her Unlawful Termination (Doc. 232) ("Plaintiff's Motion"), Defendant attached a "Declaration of Cecilia Washington" ("the declaration").

Doc. 235-1. As opposed to submitting a notarized affidavit, Defendant filed an unsworn declaration under penalty of perjury as allowed under the Federal Rules of Civil Procedure.[1]  Although this document did not have a signature page, Defendant filed separately a signature page of Cecilia Washington, dated August 16, 2013. Doc. 235-2. It appears that this signature page is supposed to affirm the verity and accuracy of the declaration filed at Doc. 235-1.

2. Arousing Plaintiff's suspicion is the fact that the Washington declaration (Doc. 235-1) and her signature page (Doc. 235-2) do not appear to have ever been part of the same document. In addition to having been filed as two separate documents, the Washington declaration is paginated in the bottom center of

---

[1] **28 USC § 1746 - Unsworn declarations under penalty of perjury**

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1)If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".

(2)If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

each page, whereas the signature page is not paginated.  *See* Docs. 235-1 and 235-2.

3. Plaintiff's concerns about Washington's declaration turned out to be well placed because Washington's declaration astoundingly declares about events happening in the future, up to two weeks after she signed the declaration. Washington signed her declaration on August 16th, 2013, wherein she spoke about events that had yet to happen (August 20, 2013 (¶12), August 21, 2013 (¶15), and August 30, 2013 (¶13)) .  The separately filed signature page of Washington's declaration (Doc. 235-2) reads as follows: "I declare under the pains and penalty of perjury that the foregoing is true, accurate and correct on this 16th day of August 2013."  However, Washington declares about events that allegedly occurred on August 20, 2013 (¶12), August 21, 2013 (¶15), and August 30, 2013 (¶13), all dates occurring **after** the declaration was purportedly signed on August 16, 2013.  *See* Docs. 235-1 and 235-2.  Indeed, the declaration speaks at length about the assertions in Ms. Jean-Baptiste's declaration filed in support of her Motion.  It states, for example,  "I have reviewed Ms. Carmen Jean-Baptiste's Declaration dated August 21, 2013." Doc. 235-1 at  ¶15.   Ms. Jean-Baptiste's declaration was signed, and her Motion was filed before this Court, on August 21, 2013, five days **after** the Washington signature page was signed. *See* Docs. 232 and 232-1.

4. Given that the August 16th signature page (Doc. 235-2) was signed before Plaintiff's August 21st Motion was filed, before many of the events recited in the declaration had occurred, and before Plaintiff's August 21st declaration, to which it purports to respond, was even signed or filed, the signature page submitted with the declaration simply cannot stand as a signature page declaring under penalty of perjury the truth of that declaration.

5. It appears, then, that the declaration was drafted by the District's counsel and cobbled together with a signature and verification page that does not, in fact, verify the contents thereof. The District appears to have knowingly presented falsified evidence to this Court. See *In re Omnitrition Int'l Secs. Litig., Webster v. Omnitrition*, 1994 U.S. Dist. LEXIS 21600, 16-18 (N.D. Cal. Aug. 19, 1994) ("Mr. Lamis made the conscious decision to forge the experts' signatures in an attempt to deceive the Court and the other parties as to the declarations' authenticity [...] Counsel's behavior in this case is far more consistent with actions intentionally designed to deceive the Court, as opposed to an error of judgment due to 'the stress of the moment.' As such, the record supports a finding that counsel was engaged in some degree of deliberate subterfuge"); *See also Bowman v. Bank One, Nat'l Ass'n (In re Bowman)*, 2004 Bankr. LEXIS 1131 (Bankr. S.D. Ala. May 25, 2004) ("[t]he allegation that the

signature page was executed 'separate and apart' from the affidavit is sufficient to describe the fraud or impropriety alleged.")

6. Plaintiff requests, therefore, that the Court strike this phony declaration from the record and disregard its contents and any arguments based thereon from the Court's consideration of Plaintiff's Motion.

7. "[A]ll legal and factual allegations made by a litigant before the court must be made in good faith." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 425 (D.C. Cir. 2005); Fed. R. Civ. P. 11(b)(1).  There does not appear to be any good faith basis for submitting a false affidavit to this Court. Rather, the District's singular fixation on preventing Ms. Jean-Baptiste, at any cost, from being reinstated to the position she lawfully held prior to her unlawful termination, illustrates not only the bad faith evident from the intentional submission of falsified evidence but the improper purposes for which it was submitted: to harass Ms. Jean-Baptiste, delay even further the implementation of the Court's Order of Reinstatement, and to increase the costs of this litigation for Ms. Jean-Baptiste. *Shekoyan*, 409 F.3d at 425 (noting that Rule 11 of the Federal Rules of Civil Procedure provides for sanctions for filing a paper with the court "for any improper purpose," including harassment, delay or increasing the costs of an opponent in litigation); Fed. R. Civ. P. 11(b)(1).   While Plaintiff has never before been confronted with so blatant a transgression as this, this is the third

Motion to Strike that the District's submission of inadmissible and improper evidence has prompted solely in the post-trial period of this litigation. *See* Docs. 216 and 223. With this latest submission, the trend appears to be intensifying.

8. Plaintiff thus respectfully requests that the Court sanction the District for its deliberate submission of false information to the Court by immediately ordering her reinstatement into a permanent lifeguard position on the early morning shift at either the Turkey Thicket or Takoma Aquatic Centers, whichever she chooses. In short, Ms. Jean-Baptiste requests nothing more than her rightful reinstatement, the same relief requested in her Emergency Motion. The District's repeated attempts to thwart and delay her rightful reinstatement, even by committing fraud on the Court, should no longer be tolerated.

9. Plaintiff also requests that the Court order any further relief that it deems appropriate.

Wherefore, based upon the above, Plaintiff respectfully requests that this Court strike Defendant District of Columbia's false declaration of Cecilia Washington and order that Plaintiff be placed immediately into a permanent lifeguard position on the early morning shift at either the Turkey Thicket or Takoma Aquatic Centers, whichever she chooses.

Pursuant to LcvR 7(m), undersigned counsel hereby verifies that counsel for Defendant was contacted to determine whether Defendant consented to the relief sought in this motion. Defendant does not consent.

Respectfully Submitted this 13th day of September, 2013.

/s/ Jon C. Goldfarb
Jon C. Goldfarb
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
(205) 314-1500 (facsimile)

/s/ Abby M. Richardson
Abby M. Richardson (D.C. Bar No. 978118)
WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC
1850 M Street NW Suite 720
Washington, D.C. 20036
251-338-0405
205-314-0804 (facsimile)

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

By:   /s/ Jon C. Goldfarb
        Attorney for Plaintiff